JEFF. D. MATHEWS & BEN. B. MATHEWS,
doing business under trade name
of Mathews Brothers,

NO. 8481

COURT OF APPEAL

VS

PARISH OF ORLEANS

S. CORNEMAN

- - -

WILLIAM A. BELL, JUDGE.

- - -

APRIL 30, 1923.

Court of Appeal
Parish of Orleans
FILED 4/30/23.
H. J. Stansbury

-1-

8481

147

By WILLIAM A. BELL, Judge.

Plaintiffs, doing business as a real estate firm under the name of Mathews Brothers, sue defendant for $300.00, an amount for which they claim to have suffered damages by defendant's alleged breach of a certain contract or offer to purchase improved real estate in the city of New Orleans, designated as Nos. 1824-26 Terpsichore Street.

Defendant answers by admitting that on Friday, September 9, 1921, he signed the alleged offer to purchase which is annexed to plaintiffs' petition, but claims that he was induced to do so by plaintiffs' representations to the effect that the tenement property in question rented for $60.00 per month, or the sum of $30.00 instead of $26.00 per month for each side; that said representations were false and made with the intent to deceive and did deceive defendant, who, because of such fraud, cannot be held liable under the contract.

There was judgment for defendant dismissing plaintiffs' suit

The facts in this case are simple and we find them to be as follows:

Defendant noticing plaintiffs' "For Sale" signs on the property Nos. 1824-26 Terpsichore Street, had his daughter telephone this firm on Friday, September 9, 1921 to inquire about the property. Plaintiffs sent one of their employees or representatives to interview defendant, who then and there signed the offer of purchase, in which it was agreed that defendant would pay $6400.00 cash for the property and would immediately deposit with plaintiffs ten per cent. of the purchase price upon the owner's written acceptance of the offer. The testimony of both defendant and his daughter is to the effect that the defendant, before signing, made immediate and careful inquiry of plaintiffs' representative as to the rental value of the property and was told by him that same was then renting

148

for $30.00 per month for each side. The day upon which this occurred being a Friday, defendant refused to make the required deposit on what he observed as the Sabbath day, but agreed to do so at his lawyer's office on the following Monday afternoon. Upon defendant's failure to keep this appointment, plaintiffs sent their same representative to defendant's house, where defendant then told him that he would not purchase the property because he had been deceived as to the amount of the rentals, and had learned on the intervening Saturday from his neighbor, one of the tenants of the property, that it was renting per side for only $26.00 per month. Plaintiffs' agent denies that he ever made any such representation to defendant or that he ever discussed with defendant the subject of rents prior to the signing of the contract of purchase. He further states that this subject was only brought up when he went later, on the following Monday, to defendant's house to collect the deposit. He admits, however, that he knew one side of the house was renting under a written lease for $26.00 per month, and that he did in fact represent to defendant that by the time defendant would take possession on or by September 30th, the rent would be $30.00 per month per side. These admissions, coupled with his unsatisfactory explanations to the court as to why he subsequently went with defendant to call on the tenant who had disclosed the real facts about the rent, lead us to believe that the defense urged in this case is well founded and that the testimony of both the defendant and his daughter constitute a preponderance of evidence to which full credence should be given. Under Article 2547, R. C. C., the parole evidence offered by defendant in support of his defense was, under the circumstances, presented in this suit, fully admissable. The ruling in Great Eastern Oil and Refining Company v. Bullock, 151 La., 210, cited by counsel for plaintiffs, has no application to the facts in this case. It was the duty of plaintiffs'agent, upon inquiry made of him, to

149

give full and truthful information about the rents and not to mislead defendant, as we believe was done in this case. We find no error in the ruling of the trial court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment appealed from be and the same hereby is affirmed, at plaintiff's costs in both courts.

JUDGMENT AFFIRMED.                                    APRIL 30, 1923.